**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

EQUITY MARKETS ADVISORY, LLC
136 Wheatley Rd
Brookville, NY 11545

    Plaintiff

        v.

CARRIER ALLIANCE GROUP, INC.        Case No.:
369 Lexington Avenue
Suite 307
New York, NY 10017


Serve on Resident Agent:
The Prentice Hall Corporation System, Inc.
251 Little Falls Drive
Wilmington, DE 19808

    and

CHRISTOPHER PANZECA
18 Kathy Court
Northport, NY 11768

    Defendants

---

## COMPLAINT

Plaintiff, EQUITY MARKETS ADVISORY, LLC, ("PLAINTIFF"), by and though its undersigned counsel, files this Complaint against CARRIER ALLIANCE GROUP, INC. ("PUBCO") and CHRISTOPHER PANZECA a/k/a CHRIS PANZECA ("Panzeca"), and alleges:

**Parties**

1. Plaintiff EQUITY MARKETS ADVISORY, LLC is a limited liability company, domiciled in New York, which is a shareholder of Defendant CARRIER ALLIANCE GROUP, INC.

2. Defendant CARRIER ALLIANCE GROUP, INC., ("PUBCO") formerly known most recently as Corporate Universe, Inc., and several other names as detailed below, is a publicly traded corporation domiciled in Delaware, with its common stock quoted on the over-the-counter market under the trading symbol "COUV," which has issued and can issue securities under the Securities Act of 1933.

3. Defendant CHRISTOPHER PANZECA a/k/a CHRIS PANZECA ("Panzeca") is an individual, believed to be residing in New York, who was appointed the Chief Executive Officer and sole Director of Defendant PUBCO on or about May 19, 2011, and who apparently is still the sole officer and director of PUBCO despite having refused to communicate in any way or take any action on behalf of PUBCO or its stockholders for several years.

**Plaintiff's Standing as a Shareholder of PUBCO**

4. Plaintiff EQUITY MARKETS ADVISORY, LLC, acquired the shares of PUBCO stock which give rise to Plaintiff's standing in this case as a PUBCO shareholder (the "Shares") from New Century Capital Consultants, Inc. ("New Century"). New Century originally purchased the Shares of PUBCO on August 11, 2008 under a Sale Order issued by the United States Bankruptcy Court for the Southern District of New York, in a transaction pursuant to 15 U.S.C § 77c(a)**7** (Section 3(a)(**7**) of the Securities Act of 1933) as further detailed below.

**Jurisdiction and Venue**

5. This action is instituted pursuant to

   a. 15 U.S.C § 77c(a)7 (Section 3(a)(7) of the Securities Act of 1933), hereinafter ("Section 3(a)(7)") for Defendant PUBCO to disclose publicly in a securities filing with the SEC or OTC Markets Group the issuance of Defendant PUBCO's common stock to New Century in 2008 under Section 3(a)(7), and in such disclosure to acknowledge the subsequent June 5, 2020 assignment of the Shares to Plaintiff, therefore recognizing Plaintiff as a significant shareholder in PUBCO, with the requisite voting power necessary to appoint or to recommend for appointment a new officer and director of PUBCO to replace Defendant Panzeca; and also pursuant to

   b. 28 U.S.C. § 2201 for several declaratory judgments, including declaring that Defendant Panzeca's written communications as CEO of PUBCO contain material misstatements and omissions that misrepresent the financial condition of PUBCO by failing to disclose Defendant Panzeca's simultaneous service as CEO of two publicly traded companies, and in the public filings of CAHI (detailed below) for his failure to disclose the existence of the prior merger between PUBCO and his private operating business, despite Certifications to the contrary signed by Defendant Panzeca under 18 U.S.C. Section 1350 as adopted pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002 and pursuant to Rule 13a-14(a) and Rule 15d-14 under the Securities Exchange Act of 1934.

6. This Court has jurisdiction over the parties hereto based on the Federal Statutes and 28 U.S.C. § 1331. It also has supplemental jurisdiction under 28 U.S.C. § 1367.

7. Venue is proper in the Northern District as the Defendant PUBCO is a publicly traded company with a business that was at one time purportedly operating nationwide, including in Maryland; its last known (and only current known contact through its securities counsel) was and is located in Baltimore County, Maryland; and all the allegations of misrepresentations contained herein against Defendant Christopher Panzeca occurred digitally, via the internet through Defendant Panzeca's publishing of press releases and his approval and/or certification of United States Securities and Exchange Commission ("SEC") filings published at SEC.gov on the world wide web.

## Summary of Facts

### History and Background of Defendant PUBCO
### Prior to Defendant Panzeca's Involvement

8. Defendant PUBCO is a publicly traded company which has operated under many names since its formation. PUBCO was originally incorporated as Cross Atlantic Capital, Inc. under the laws of the State of Delaware on May 28, 1986. On September 30, 1997, the name was changed to Elgin e2, Inc. In May 1998 the name was changed to Elgin Technologies, Inc.

9. In or about May 2002 PUBCO, then known as Elgin Technologies, Inc., filed a voluntary petition under Chapter 11 of Title 11, of the United States Code on June 26, 2002 in the United States Bankruptcy Court, Southern District of New York, Case No. 02-13159-pcb.

10. According to Defendant PUBCO's public securities filings available at SEC.gov, on or about October 16, 2007, the Honorable Carter Beatty, United States Bankruptcy Court, entered an order in the Bankruptcy Court for the Southern District of New York permitting the sale of PUBCO's corporate shell (the "Sale Order"). Thereafter on or about August 11, 2008, a Corporate Shell Purchase Agreement was executed between PUBCO and New Century and another party (the "Purchasers"), wherein the Purchasers assumed control over PUBCO for the purchase price of Sixty Thousand Dollars ($60,000). (See 8-K filed by PUBCO, then known as Elgin Technologies, Inc., on August 11, 2008, which contains the Sale Order and the Corporate Shell Purchase Agreement that is attached hereto and incorporated herein as Exhibit A.)

11. On September 30, 2008, Defendant PUBCO, then known as Elgin Technologies, Inc., merged with Inicia Incorporated and as a result of that merger, changed its name to Inicia Incorporated.

12. On July 27, 2010, Defendant PUBCO, then known as Inicia Incorporated, entered into an agreement to acquire 99% of the partnership interest in Manhattan Transfer Registrar Company ("MTRC"). On August 9, 2010, Defendant PUBCO changed its name once again to Corporate Universe, Inc.

13. On December 20, 2010, New Century transferred its ownership in the Shares to the Plaintiff under an Assignment Agreement. Among other things, the Assignment Agreement shows that New Century and Plaintiff were under common beneficial ownership at the time of the assignment of the Shares, and that Plaintiff has owned and continues to own greater than 10% of the issued and outstanding shares in

Defendant Pubco. The December 20, 2010 Assignment Agreement is attached hereto and incorporated herein as <u>Exhibit B</u>.

### Enter Defendant Panzeca as CEO and Director of PUBCO

14. On May 19, 2011 the Board of Directors of Defendant PUBCO terminated the MTRC transaction and appointed Defendant Christopher Panzeca as PUBCO's President, Chief Executive Officer, and Director. (See PUBCO Board of Directors Consent attached hereto and incorporated herein as <u>Exhibit C</u>.)

15. On May 31, 2011, Defendant Panzeca became the sole officer and director of PUBCO, when its prior director, John Ahearn, resigned. (See Release and Settlement dated May 31, 2011, attached hereto and incorporated herein as <u>Exhibit D</u>.)

16. Also on May 31, 2011, Defendant Panzeca, as sole officer and director of PUBCO, signed an agreement whereby he would merge his New York corporation known as Carrier Alliance Group ("CAG") into the public company PUBCO, then known as Corporate Universe. (See Agreement between PUBCO and CAG dated May 31, 2011, attached hereto and incorporated herein as <u>Exhibit E</u>.)

17. On June 14, 2011 Defendant Panzeca, as sole officer and director of PUBCO, executed a Certificate of Amendment to change PUBCO's name from Corporate Universe, Inc. to Carrier Alliance Group, Inc., which was filed by the State of Delaware on June 26, 2011 (See Certificate of Amendment, attached hereto and incorporated herein as <u>Exhibit F</u>.)

18.     On July 15, 2011 Defendant Panzeca, as sole officer and director of PUBCO, filed an OTC Disclosure and News Service Order Form with OTC Markets Group, Inc. to amend and update all relevant corporate information for PUBCO on OTCMarkets.com (See OTC Disclosure and News Service Order Form, attached hereto and incorporated herein as Exhibit G.)

19.     On August 5, 2011, Defendant Panzeca issued a press release as CEO of PUBCO which was published on BusinessWire, in which he announced "*the acquisition of Carrier Alliance Group…which is a leading broker of Voice & Data communications solutions….as well as a variety of other Voice & Data solutions for small- to medium-sized businesses across the United States & Globally.*" (See BusinessWire Press Release, attached hereto and incorporated herein as Exhibit H.)

20.     Despite changing the name of PUBCO in Delaware to Carrier Alliance Group, Inc. to match the name of his private company CAG, and after informing OTC Markets Group that he was the sole officer and director of PUBCO, and after issuing the BusinessWire Press Release detailed above to announced PUBCO's acquisition of PUBCO, Defendant Panzeca never actually filed any financials or disclosures for PUBCO either on SEC.gov or OTCMarkets.com.

21.     Then Defendant Panzeca stopped all communication with the NEW CENTURY and other shareholders of PUBCO. Rumors began circulating that Defendant Panzeca apparently somehow merged this very same private business (CAG) into another publicly traded company then known as Tilden Associates, Inc. under the trading symbol TLDN, and now known as Carrier Alliance Holdings, Inc. ("CAHI").

22. The rumors were proven to be true when an 8-K filed on February 21, 2012 by Tilden Associates, Inc., announced that on February 15, 2012 Tilden entered into a Securities Exchange Agreement with Carrier Alliance Group, Inc., a New York corporation, and Defendant Panzeca. That 8-K was signed by Defendant Panzeca as CEO of Tilden Associates, Inc. No reference whatsoever was made to PUBCO in that 8-K. (See CAHI 8-K dated February 21, 2012 attached hereto and incorporated herein as Exhibit I).

23. On May 3, 2012, CAHI filed an 8-K announcing that on April 27, 2012, Tilden Associates, Inc., a Delaware corporation, filed a Certificate of Amendment to change its name from Tilden Associates, Inc. to Carrier Alliance Holdings, Inc., which was signed by Defendant Panzeca as CEO of Carrier Alliance Holdings, Inc. Again, no reference whatsoever was made to PUBCO in that 8-K. (See CAHI 8-K dated May 3, 2012 attached hereto and incorporated herein as Exhibit J).

24. On November 5, 2012, CAHI filed a Press Release announcing the completion of a merger with PUBCO. No reference whatsoever is made to PUBCO, and Defendant Panzeca was quoted in the November 5, 2012 Press Release which seemed to indicate that this was the first time CAG had been a public company:

> All of us at Carrier Alliance are excited about our recently completed merger with Tilden and becoming a Publicly Traded Company. We wanted to take the opportunity to introduce our company to the investing public.

(See Tilden Press Release dated November 5, 2012 attached hereto and incorporated herein as Exhibit K).

25. On February 21, 2013, CAHI filed its 10-K Annual Report for the period ending December 31, 2011. The CAHI 10-K was signed by Defendant Panzeca as CAHI's Chief Executive Officer. The CAHI 10-K again disclosed the details of Tilden's merger

8

with Defendant Panzeca's company CAG; however, no reference was made to the prior merger with PUBCO, or the fact that Defendant Panzeca remained the sole officer and director of PUBCO at the time he signed the 10-K for CAHI on February 20, 2013. (See 10-K for CAHI filed on February 21, 2013 as Exhibit L.)

26. The 10-K for CAHI was signed by Mr. Panzeca under the following certifications**:**

**EXHIBIT 31.1**

**CERTIFICATION OF
PRINCIPAL FINANCIAL OFFICER PURSUANT TO
SECTION 302(a) OF THE SARBANES-OXLEY ACT OF 2002**

I, Christopher Panzeca, certify that:

1. I have reviewed the annual report on Form 10-K of Carrier Alliance Holdings, Inc.(the "registrant") for the year ended December 31, 2011;

2. Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;

**Exhibit 32.1**

**CERTIFICATION PURSUANT TO
18 U.S.C. SECTION 1350
AS ADOPTED PURSUANT TO
SECTION 906 OF THE SARBANES-OXLEY ACT OF 2002**

Christopher Panzeca, the Chief Executive Officer and Director of Carrier Alliance Holdings, Inc. (the "Registrant"), certifies, under the standards set forth and solely for the purposes of 18 U.S.C. 1350, as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, that, to his knowledge, the Annual Report on Form 10-K of the Registrant for the year ended December 31, 2011 fully complies with the requirements of Section 13(a) or 15(d) of the Securities Exchange Act of 1934 and information contained in that Form 10-K fairly presents, in all material respects, the financial condition and results of operations of the Registrant.

Due to the fact that the CAHI 10-K never once mentions PUBCO, the fact that Defendant Panzeca was CEO of PUBCO when signing the CAHI 10-K, and that the prior merger of

CAG with PUBCO was not disclosed, (all of which would seem to be material), it would appear that both Certifications signed by Defendant Panzeca were false.

27. Today, PUBCO appears to be a dormant public company, as it has not posted any SEC filings or alternative reporting standard filings since 2010, though Mr. Panzeca's name is still shown online at the OTC Markets Group's Company Profile page for PUBCO as its "President and CEO."

28. Due to this absurd situation, PUBCO stockholders are unable to deposit any common stock under Rule 144 of the Securities Act of 1933 due to (a) PUBCO's lack of public filings, and (b) press releases and CAHI filings which appear to indicate that Defendant Panzeca merged the same private business (CAG) into two separate publicly traded companies with no explanation as to how this was accomplished, or what business, if any, remains in PUBCO.

29. Worse still, the shareholders of PUBCO are prevented from removing restricted legends from their PUBCO stock due to the fact that several years of invoices owed to Pacific Stock Transfer, Inc. ("Pacific") remain unpaid, and Mr. Panzeca is the only officer and director on file at Pacific.

30. Last month, Plaintiff reached out to former securities counsel for PUBCO, Matheau J. W. Stout, Esq., after learning that Mr. Stout was appointed by Defendant Panzeca in 2014 as counsel with Pacific and is still on file at Pacific as legal counsel of record for PUBCO. Mr. Stout was responsive, and attempted to assist Plaintiff as much as possible given the situation, but informed Plaintiff that he had not heard from Mr. Panzeca regarding PUBCO since 2014, and did not know his current whereabouts or status.

31. As of the date of this Complaint, Mr. Stout confirmed with Pacific that he is, in fact, still appointed by PUBCO as its legal counsel of record with Pacific and that Mr. Panzeca was the only officer and director shown at Pacific.

32. Because Defendant Panzeca has refused to communicate with New Century, Plaintiff, Pacific, PUBCO's legal counsel or any other shareholders of PUBCO, Plaintiff believes the only legal option available is to ask this Honorable Court to require Defendant Panzeca to approve the appointment of a new officer and director of PUBCO so that Defendant Panzeca may resign, or if he will not do so, to require Defendant Panzeca's presence at a hearing to show cause as to why he has not resigned as an officer and director of PUBCO, while simultaneously serving as CEO of CAHI.

**Count I**

**Hearing and Court Order Pursuant to Section 3(a)(7)**

33. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

34. Section 3(a)(7) provides, in relevant part, as follows:

**(a) EXEMPTED SECURITIES**

Except as hereinafter expressly provided, the provisions of this subchapter shall not apply to any of the following classes of securities:

**(7)**
Certificates issued by a receiver or by a trustee or debtor in possession in a case under title 11, with the approval of the court;

35. Plaintiff seeks a court order recognizing (a) the original issuance of the Shares to New Century under Section 3(a)(7), (b) the validity of the assignment of the PUBCO Shares from New Century to Plaintiff, and (c) the validity of Plaintiff's ability to vote as a significant shareholder of PUBCO, so that Plaintiff may appoint a new CEO and

director of PUBCO, or Plaintiff may recommend a new CEO and director of PUBCO for this Honorable Court's approval.

36. Plaintiff requests this Honorable Court to hold a hearing to determine the validity of the assignment of the Shares (and of its ability to vote as a significant shareholder of PUBCO) from New Century to Plaintiff ("Hearing").

37. This Honorable Court has the ability to hold such a Hearing, and to determine who has ability to vote as a significant shareholder of PUBCO, and thus who has the authority to appoint a new CEO and director of PUBCO to replace Defendant Panzeca.

38. For the foregoing reasons, Plaintiff has suffered a considerable loss which can only be remedied by a Court Order, which necessitates this present action.

## Count II

### Declaratory Judgment (28 U.S.C. § 2201)

39. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

40. Plaintiff seeks a declaratory judgment from this Honorable Court pursuant to 28 U.S.C. § 2201 declaring that the 10-K filed by Defendant Panzeca as CEO for CAHI contains material misstatements and omissions and misrepresents the financial condition of PUBCO by the failure to disclose the facts as set forth herein.

41. Plaintiff further seeks a declaratory judgment from this Honorable Court pursuant to 28 U.S.C. § 2201 declaring that all of the Certifications under 18 U.S.C. § 1350 as adopted pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002 signed by Defendant Panzeca as CEO for CAHI are false and misleading, as the annual report to

which such Certifications were attached contains material misstatements and omissions and misrepresents the financial condition of PUBCO by the failure to disclose the facts as set forth herein.

## Count III

### Conversion or Trover

42. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

43. Defendant's actions in failing to acknowledge the assignment from New Century to Plaintiff of the PUBCO Shares, and in failing to disclose the facts stated herein in PUBCO's public securities filings have wrongfully prevented and continue to wrongfully prevent Plaintiff from being able to sell or vote the PUBCO Shares.

44. The PUBCO Shares are securities as defined under 15 U.S. Code § 77b (Section 2(a)(1) of the Securities Act of 1933), and as such are Plaintiff's property.

45. Defendant Panzeca's actions constitute an improper exercise of dominion and control over Plaintiff's property as Plaintiff has been and continues to be unduly restricted in its ability to sell or vote the PUBCO Shares.

46. As a result of Defendant Panzeca's actions, Plaintiff has been deprived of its rights to alienate ownership of the PUBCO Shares.

47. Defendant Panzeca's wrongful exercise of dominion and control over the PUBCO Shares owned by Plaintiff was and continues to be without lawful justification and constitutes a conversion or trover of the PUBCO Shares.

48. Plaintiff has been wrongfully deprived of its right to sell or vote the PUBCO Shares due to Defendant Panzeca's improper and wrongful obstruction of Plaintiff's efforts

to ensure that the facts stated herein are properly disclosed in PUBCO's public securities filings.

49. Plaintiff has been damaged as a result of Defendant Panzeca's conversion/trover of the PUBCO Shares, in that Plaintiff has been and is unable to sell, vote, or otherwise realize any value from the PUBCO Shares.

**Count IV**

**Breach of Fiduciary Duty**

50. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

51. Defendant Panzeca was appointed as CEO and Director of PUBCO in 2011 and according to PUBCO's publicly available information he remains the sole officer and director of PUBCO today.

52. Defendant Panzeca appears to have merged CAG into both PUBCO and CAHI, according to the press releases and the CAHI 10-K which were detailed above and attached hereto as exhibits.

53. As an officer and director of PUBCO, Defendant Panzeca had and continues to have a fiduciary duty to PUBCO's shareholders (including the Plaintiff) and that fiduciary duty includes the duty of care and the duty of loyalty.

54. As an officer and director of PUBCO, Defendant Panzeca had and continues to have a fiduciary duty to PUBCO and its shareholders (including the Plaintiff) to act in good faith, in a manner reasonably believed to be in the best interest of PUBCO and with the care that an ordinary prudent person in a similar situation would use under similar circumstances.

55. Defendant Panzeca has breached his duty of care to PUBCO by failing to file any filings or written communications or disclosures whatsoever for PUBCO since 2011, and by failing to respond to any communications from PUBCO shareholders, transfer agent or legal counsel since at least 2014.

56. Defendant Panzeca has breached his duty of loyalty to PUBCO by merging CAG into CAHI, without properly disclosing his status as CEO of PUBCO or that he had already merged CAG into PUBCO, and for thereafter refusing to resign as an officer and director of PUBCO, depriving PUBCO of the value of CAG, while effectively holding PUBCO hostage.

57. Defendant Panzeca's actions in failing to acknowledge the assignment from New Century to Plaintiff of the PUBCO Shares, and in failing to disclose the facts stated herein in PUBCO's public securities filings illustrate that he has failed to act in good faith, failed to act in a manner reasonably believed to be in the best interest of PUBCO and failed to act with the care that an ordinary prudent person in a similar situation would use under similar circumstances.

58. Defendant Panzeca's actions in failing to acknowledge the assignment from New Century to Plaintiff of the PUBCO Shares, and in failing to disclose the facts stated herein in PUBCO's public securities filings illustrate Defendant Panzeca's breach of fiduciary duty and continue to harm Plaintiff and all other shareholders of PUBCO.

59. Plaintiff has been damaged as a direct result of Defendant Panzeca's breach of his fiduciary duty to PUBCO, in that Plaintiff has been and is unable to sell, vote, or otherwise realize any value from its PUBCO Shares.

### Count VII

### Injunction

60. Plaintiff re-alleges all of the foregoing paragraphs as if fully set forth herein.

61. Defendant Panzeca's actions in failing to respond to any communications from PUBCO's shareholders, PUBCO's transfer agent, or PUBCO's legal counsel since 2014, and for now failing to acknowledge the assignment of the PUBCO Shares from New Century to Plaintiff, and in failing to disclose the facts stated herein in its public securities filings have wrongfully prevented Plaintiff from being able to receive any value for the PUBCO Shares, in that Plaintiff has been prevented from using Plaintiff's ability to vote as a significant shareholder in order to appoint a new CEO of PUBCO,

62. The PUBCO Shares are securities as defined under 15 U.S. Code § 77b (Section 2(a)(1) of the Securities Act of 1933), which were originally issued by Defendant PUBCO to New Century pursuant to the Sale Order issued by the United States Bankruptcy Court for the Southern District of New York in 2008, and which were assigned by New Century to Plaintiff, and as such the PUBCO Shares are Plaintiff's property.

63. Defendant's wrongful exercise of dominion and control over the PUBCO Shares owned by Plaintiff was and continues to be without lawful justification and constitutes a conversion or trover of the PUBCO Shares.

64. Plaintiff has been wrongfully deprived of its right to vote its significant interest using the PUBCO Shares due to Defendant Panzeca's improper and wrongful obstruction of Plaintiff's efforts to ensure that the facts stated herein are disclosed properly in PUBCO's public filings.

65. Defendant's continued wrongful exercise of dominion and control over the PUBCO Shares owned by Plaintiff constitutes a conversion or trover of the PUBCO Shares and will result in irreparable damage to Plaintiff.

66. Plaintiff has been damaged as a result of Defendant Panzeca's conversion of the PUBCO Shares, in that Plaintiff is unable to appoint a CEO who will actually work for PUBCO for the benefit of PUBCO shareholders, and in that Plaintiff is unable to sell or otherwise realize any value from the PUBCO Shares while Defendant Panzeca is holding PUBCO hostage.

67. There does not exist an adequate remedy at law to compensate Plaintiff in the event that Plaintiff is rendered unable to realize any value from the PUBCO Shares.

68. Defendant's actions are without basis or merit.

69. Based upon the facts as pleaded herein, Plaintiff can succeed on the merits of its claim.

70. Based upon the facts as pleaded herein, Plaintiff is more likely than not to suffer irreparable harm in the absence of preliminary relief.

71. Based upon the foregoing, Plaintiff seeks a mandatory injunction requiring and compelling Defendant Panzeca to appoint a new officer and director of PUBCO, as recommended by the Plaintiff, and thereafter to resign from all officer and director positions of PUBCO.

72. Plaintiff's request for a mandatory injunction is reasonably suited to abate the threatened harm identified herein.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment awarding the following relief:

i. An award for all damages and losses suffered by Plaintiff as a result of Defendants' conduct, which exceed $75,000.00, including compensatory damages, consequential damages, punitive damages, interest, costs of suit, and attorney's fees as a result of Defendants' conduct; and

ii. A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the disclosures and financial statements published by Defendant Panzeca for CAHI and the press releases for both CAHI and PUBCO referenced herein, together contain material misstatements and omissions and misrepresent the financial condition of PUBCO by their failure to disclose the facts as set forth herein; and

iii. A declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the Certifications under 18 U.S.C. § 1350 as adopted pursuant to Sections 302 and 906 of the Sarbanes-Oxley Act of 2002 signed by Defendant Panzeca as CEO of CAHI were false and misleading, as the annual report to which such Certifications were attached contains material misstatements and omissions and misrepresents the financial condition of both PUBCO and CAHI by the failure to disclose the facts as set forth herein; and

iv. Schedule a Hearing at which time Plaintiff will appear with undersigned counsel to confirm Plaintiff's ownership of the Shares assigned by New Century, as being the same Shares issued to New Century pursuant to Section 3(a)(7) such that a Court Order can be issued by this Honorable Court recognizing Plaintiff as holding a significant number shares of common stock in PUBCO, such that Plaintiff has the

        voting power to appoint or to recommend for appointment a suitable CEO and director of PUBCO to replace Defendant Panzeca; and

v.    A mandatory injunction requiring and compelling Defendant Panzeca to either (a) appoint a new officer and director of PUBCO approved by Plaintiff as a significant shareholder in PUBCO and thereafter to resign from all officer and director positions of PUBCO or (b) to Show Cause as to why Defendant Panzeca refuses to so appoint a replacement and refuses to resign; and

vi.    A mandatory injunction requiring and compelling Defendant PUBCO to file an updated disclosure on SEC.gov or OTCMarkets.com, following the replacement of Defendant Panzeca, which confirms the identity of its new officer and director, and which provides the SEC and the investing public with an updated mailing address, telephone number and email address for PUBCO. For such other and further relief as is deemed appropriate and equitable by this Honorable Court.

                                  Respectfully submitted,

                                  Glen K. Allen
                                502 Edgevale Road
                                Baltimore, MD 21210
                                410-802-6453
                                glenallenlaw@gmail.com

                                Attorney for Plaintiff